**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Newell Thomas,<br><br>              Plaintiff,<br>   -v-<br><br>Charter Communications Holding Company, LLC,<br><br>              Defendant. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Newell Thomas ("Plaintiff" or "Thomas"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendant Charter Communications Holding Company, LLC ("Defendant" or "Charter"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendant pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, unpaid accrued time/benefit, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated

damages– including liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Newell Thomas ("Plaintiff" or "Thomas") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

8. Upon information and belief and all times relevant herein, Defendant Charter Communications Holding Company, LLC ("Charter") was a for-profit limited liability company.

9. At all times relevant herein, Defendant controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

10. At all times relevant herein, Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

11. Upon information and belief, and at all relevant times herein, Defendant was in the business

of providing installation and maintenance of cable and related services.

12. At all relevant times herein, Defendant employed over 100 employees.

13. Plaintiff was employed by Defendant from in or around February 2018 to on or about May 4, 2021.

14. At all times relevant herein, Plaintiff was employed by Defendant as an installation technician and did all the manual, physical and repetitive tasks within this capacity, including machine operating, lifting, packing, moving equipment, etc.

15. At all times relevant herein, Defendant paid Plaintiff on a bi-weekly basis in violation of NYLL § 191 (1)(a)(i). See i.e. *Vega v. CM & Assocs. Constr. Mgmt.*, LLC, No. 23559/16E, 2019 WL 4264384 (N.Y. App. Div. Sept. 10, 2019).

16. At all times relevant herein and throughout his employment with Defendant, Plaintiff was an hourly employee of Defendant and his last regular hourly rate was $31.50 an hour.

17. At all times relevant herein, and throughout the period Plaintiff was employed by Defendants, Plaintiff worked about 55-80 hours or more each week for Defendant, 5-7 days a week with the exception of about 2-3 weeks each year.

18. At all times relevant herein, Defendant had a policy and practice of deducting 30 minutes each day from Plaintiff's work time – due to the demands of Plaintiff's job in the field, and as required by Defendant, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL. As a result, Plaintiff is owed overtime wages for about 2.5-3.5 hours worked per week, for which he was not paid any wages.

19. A more precise statement of the hours and wages may be made when Plaintiff Thomas obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are

incorporated herein by reference.

20. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

21. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all the hours worked by Plaintiff and did not state all wages earned by Plaintiff, among other deficiencies.

22. The amount of Plaintiff's hours and wages will be refined when Defendant produce wage and time records it was required to keep under the FLSA and NYLL.

23. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

24. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

25. At all times applicable herein and upon information and belief, Defendant conducted business in interstate commerce involving the purchase of equipment and supplies necessary for its business.

26. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

27. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

28. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

29. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

30. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week during his employment with Defendant, except for about 2-3 weeks each year.

31. The circumstances surrounding Plaintiff's termination and other conditions of his employment are under investigation and review and wrongful termination and other claims may be asserted at a later time.

32. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

33. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

34. "Plaintiff" as used in this complaint refers to the named Plaintiff.

35. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

36. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

37. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC 201 et Seq.

38. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

39. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

40. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

41. Due to Defendant FLSA violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)**

42. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

44. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours

6

worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

45. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

46. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 45 above with the same force and effect as if fully set forth at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

48. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all the overtime wages, non-overtime wages, accrued compensation/benefits, wage deductions, and Plaintiff was entitled to, as required by NYLL §§ 191, 193 and 198.

49. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker within the meaning of NYLL 191 (1)(a)(i) who should have been paid all wages no later than weekly. See i.e. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

50. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant

to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

51. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

### Relief Demanded

52. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid overtime wages, non-overtime wages, accrued compensation/benefits, wage deductions, maximum liquidated damages – including liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

53. Declare Defendant, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

54. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

55. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

56. As to his **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid overtime wages, non-overtime wages, accrued compensation/benefits, wage deductions, plus maximum liquidated damages – including liquidated damages on all wages paid later than weekly, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendant to comply with NYLL 195(1) and NYLL 195(3).

57. Award Plaintiff prejudgement interest on all monies due;

58. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

59. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
         **May 16, 2021**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF